The Chief Justice
delivered the opinion.
Slaughter purchased of White a tract of land in Warren county, at the price of $6 per acre, for the payment of which he gave his obligation, with security, and took from *57 White a bond fon.the conveyance. He afterwords sold the Same land to Fovvke and West, at the price of ⅜8 pera-i i • , , , r W I ere, assigned to them White s bond for the conveyance, and received from them their bond for that price. Upon this bond he brought suit, and recovered judgment: to stay proceedings upon which, Fo.vke and West filed their bill, al-ledgiug that Slaughter had agreed to purchase the land as their agent, and for their benefit; that after he had made the purchase, he represented that he had given $8 per acre, instead of $6, and under the influence of that representation, they had given their bond for that price; and they therefore pray to be relieved from the payment of the difference between six and eight dollars per acre.
TWapfe-.c chaseefland.; iof another, vet if the under-¾ 0f t[,at ci ther is by pa-ro!> aR(i die name&cred- *!> ⅛ truSt wt"1''
Crittenden for appellant, Pope for appellee.
Slaughter, in his answer, denies that he undertook to make the purchase for the complainants as their agent. He admits that he purchased at the price of six dollars per a-ere, and sold to ihem at eight dollars, but avers that they were informed of the price he had given.
The circuit cmirt dissolved the injunction and dismissed the hill, and the complainants have appealed to this couh.
There is no pretence to say that the complainants, when fhey made the purchase, were ignorant of the true price which the defendant had agreed to give for the land; for the bond on White for the conveyance, which was assigned to them at the time they executed their obligation to the defendant, expresses on its face that the defendant had pur-' chased at the price of six dollars per aere. '
But if the fact liad been as the complainants allcdge, it would not have availed them; for they seek pot to vacate the contract on the ground of the fraud, or the exorbitancy or the price, but to have the benefit of the defendant’s purchase, which they alledge he was bound to make as their agent; and they have wholly failed to make out a case that would entitle them to such relief There is some paro! tés-timony, of an equivocal character, tending to prove that the defendant had undertaken to make the purchase as the agent of the defendants; but there is no written evidence of such art agreement. And, as in fact be made the purchase in his own name, and upon his own credit, a mere verbal agreement to make the purchase for the complainants, Cannot be enforced under the provisions of the statute a-gamsi frauds and perjuries Roberts on frauds, lUi.
I'he decree must oe affirmed with costs.